IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DAVID BERNARD THOMPSON                                                    PLAINTIFF

VS.                                        CIVIL ACTION NO.  3:07CV482-TSL-JSC

MARK SHEPHERD, ET AL. .                                                  DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

The Court held an omnibus hearing[1] in this matter, at which time it conferred with the

plaintiff and counsel for the defendants in this suit founded upon 42 U.S.C. § 1983.  At that

hearing, the parties consented to have a United States Magistrate Judge conduct any and all further

proceedings in the case and order the entry of final judgment, and the District Judge subsequently

entered an order of reference.  28 U.S.C. 636(c); Fed. R. Civ. P. 73.  Thompson is proceeding in

this matter *in forma pauperis*.  28 U.S.C. § 1915(e).  For the reasons discussed below, plaintiff's

claims are due to be dismissed with prejudice.

Plaintiff, now in the custody of the Mississippi Department of Corrections, while a

pretrial detainee was held in the Pike County Jail from January 2007 to November 2007, and has

filed the instant 42 U.S.C. § 1983 complaint against Pike County Sheriff Mark Shepherd, and

three other jail officials, Neal Edmond, Jane Causey and Stephen Rushing.  By his complaint,

Thompson alleged that defendants had violated his civil rights by housing him and three others in

one cell; by requiring him to sleep  near a toilet; by denying him cleaning supplies; and by serving

him cold food.  Per his complaint, as relief, Thompson seeks 3.5 million dollars in damages and

---

[1] See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

"extensive therapy."   By previous order of this court, Thompson was granted permission to

proceed *in forma pauperis* under 28 U.S.C. § 1915.  He is also pursuing his claims  *pro se.*  For

the reasons described below, the undersigned hereby finds that the Plaintiff's complaint should be

dismissed.

At the Spears/omnibus hearing held on this matter, Thompson was given an opportunity

to elaborate upon his claims and develop the facts leading to this lawsuit.  He explained that due

to the overcrowded conditions at the jail, he was assigned to sleep on the floor.  He stated that his

cell mate had a medical condition and that as a result his sleeping assignment, he slept in close

proximity to his cell mate's "blood bag."  He further testified that, although jail officials provided

the inmates with a mop, they refused to provide the inmates with disinfecting products, and thus,

he and the other inmates were forced to use bar soap to clean the floor.  Thompson could point to

no physical injury as a result of the conditions at the jail, but expressed that he was worried that

he would get sick due to the unhygienic conditions in which he lived while at the jail.   Having

considered the Plaintiff's sworn testimony and his complaints, the undersigned finds that the

complaint should be dismissed.

Initially,  it is clear that, in light of plaintiff's testimony that he is no longer housed in the

Pike County Jail, his claim for injunctive relief is moot.  See Rocky v. King, 900 F.2d 864, 867

(5th Cir.1990).  Further, regarding his remaining claim for compensatory damages, 42 U.S.C. §

1997e provides that "[n]o federal civil action may be brought by a prisoner confined in jail,

prison or other correctional facility for mental or emotional injury suffered while in custody

without a prior showing of physical injury." The Fifth Circuit, "'[r]elying on [its] Eighth

Amendment jurisprudence," has "determined that the 'physical injury' required by § 1997e(e)

must be more than <u>de</u> <u>minimus</u> [sic], but need not be significant." <u>Harper v. Showers</u>, 174 F.3d

716, 719  (5th Cir. 1999) (citing <u>Siglar v. Hightower</u>, 112 F.3d 191 (5th Cir.1997) (finding that

where a guard twisted a prisoner's arm and twisted his ear, resulting in bruising and soreness for

three days, the injury was <u>de</u> <u>minimis</u> and would not support a claim for mental or emotional

suffering)).  Here, as set forth above, Thompson does not claim to have suffered any physical

injury, rather he has affirmatively declared that he seeks compensatory damages as renumeration

for the fear of disease which was engendered by his stay at the Pike County Jail.  As Thompson,

did not purported to seek any other form of damages by either his complaint or at his omnibus

hearing, the court finds that his complaint is subject to dismissal under § 1997e.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of

Civil Procedure.

SO ORDERED, this the 25th day of April, 2008.


__s/ James C. Sumner_____
UNITED STATES MAGISTRATE JUDGE